James D. PATMORE, Plaintiff,

v.

Norman A. CARLSON, Director Federal
Bureau of Prisons, et al.,
Defendants.

Civ. No. 73-307-E.

United States District Court,
E. D. Illinois.

April 28, 1975.

James D. Patmore, pro se.

Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., William C. Evers, III, Asst. U. S. Atty., for defendants.

## ORDER

FOREMAN, District Judge:

This case is before the Court on defendants' Motion to Dismiss. Several grounds and issues are raised with the Motion to Dismiss. The Court will discuss each in turn.

Plaintiff, a prisoner in Marion Federal Penitentiary, Marion, Illinois, has filed suit under 28 U.S.C. §§ 1331, 2201, and 2202, alleging that defendants, Director of Federal Bureau of Prisons, Warden and Correctional Supervisor deprived plaintiff of rights, privileges and immunities under the First, Fifth, Sixth, Eighth and Ninth Amendments to the Constitution of the United States. Specifically, plaintiff alleges: (1) that he has suffered cruel and unusual punishment by defendants for a year; (2) that the Correctional Supervisor assaulted him with a club, knocked him to the floor and further assaulted him (plaintiff contends that this was attempted murder); (3) that he has been subjected to physical and mental harassment; (4) that he has been denied proper medical care and safekeeping; (5) that defendants are guilty of contributory negligence since plaintiff found a razor blade near his cell; and (6) that the controversy exceeds $10,000. Plaintiff prays for an injunction or a hearing, declaratory relief and $50,000 in damages.

Defendants contend that since plaintiff was transferred to the United States Penitentiary, Terre Haute, Indiana, in December, 1973 that part of plaintiff's prayer for relief is moot. The Court agrees that plaintiff's request for an injunction and for a declaratory judgment are now moot.

In their Motion to Dismiss, point 7(d), defendants state, "Venue would be improper in the Eastern District of Illinois, since defendant Carlson is not a resident of the Eastern District of Illinois". This Court disagrees with defendants' conclusion. 28 U.S.C. § 1391(e) states in part, "A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: . . . (2) the cause of action arose . . .". Plaintiff's cause of action arose in November, 1973 when he was a prisoner lodged in Marion Fed-

eral Penitentiary, Marion, Illinois. This penitentiary is within the Eastern District of Illinois.

■ Defendants contend that plaintiff has failed to exhaust all of his administrative remedies which is a prerequisite to a tort action against the United States under 28 U.S.C. § 2680. This Court views this contention as irrelevant since plaintiff has sued under § 1331, raising a federal question, and not under the tort claims act.

■ Defendants contend that suits against Government employees must also be brought against the United States. Defendants cite Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962) and Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). This Court disagrees with defendants' conclusion. The *Malone* case dealt with land and contained no allegation that the officer had exceeded his delegated powers as an officer of the United States. In the *Larson* case, the Supreme Court noted that if the actions of an officer do not conflict with the terms of his statutory authority, then they are actions of the sovereign. 337 U.S. 682, 689–697, 69 S.Ct. 1457, 93 L.Ed. 1628. The contention in the instant proceeding is that the defendants have exceeded their statutory authority in their actions. Thus, the Court rejects the defendants' argument.

The final point to consider is whether or not there is a federal question and a claim upon which relief can be granted.

■■ In plaintiff's complaint, point eleven (complaint, page 2), he states: "The plaintiff has been denied proper medical care and safekeeping, in violation of the Bureau of Prisons Policy Statement." The Seventh Circuit has noted in Thomas v. Pate, 493 F.2d 151 (7th Cir. 1974), cert. denied in 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 " . . . that prison officials are vest-

ed with broad discretion in determining the nature and character of medical treatment afforded to . . . prisoners." *Supra* at 157. Federal Courts will not inquire into the adequacy or sufficiency of medical care available at prisons except where the inmate has presented exceptional circumstances. Pinkston v. Bensinger, 359 F.Supp. 95 (N.D.Ill.1973). Courts do not wish to be in the position of second-guessing physicians in their determination of the proper treatment. For a claim of medical mistreatment to rise to a constitutional proportion there must be a showing of potential or real substantial harm. 493 F.2d at 157–158. There is no such showing of "substantial harm" in the instant case.

However, the allegations of plaintiff that he was struck with a club by one of the defendants, knocked to the floor and struck repeatedly again, presents a different situation. It is arguable that such an allegation is an allegation of deprivation of rights granted under the Fifth and Eighth Amendments to the Constitution. The question becomes one of whether or not plaintiff can recover for such deprivations.

■ Plaintiff has asserted jurisdiction on the basis of 28 U.S.C. § 1331. His allegation of a deprivation of rights secured by the Constitution states a cause of action which is Federal in nature. There is undoubtably jurisdiction in the Federal Courts over disputes which involve alleged infringements of constitutional rights by federal officers. Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938, 963 (1973), cert. denied in 414 U.S. 880, 94 S.Ct. 162, 38 L. Ed.2d 125 (1973); Hartigh v. Latin, 158 U.S.App.D.C. 289, 485 F.2d 1068, 1970 (1973), cert. denied in District of Columbia v. Marsh, 415 U.S. 948, 94 S.Ct. 1470, 39 L.Ed.2d 564 (1974). In Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that

private damage actions for violations of Fourth Amendment by federal officers could be maintained in the federal courts. The Court did not rule out the possibility of private damage actions for violations of other constitutional rights. See WAHBA v. New York University, 492 F.2d 96, 103–104 (2d Cir. 1974), cert. denied in 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113. "Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty." *Bivens,* 403 U.S. at 395, 91 S.Ct. at 2004. "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." Marbury v. Madison, 1 Cranch 137, 163, 2 L.Ed. 60 (1807).

■■ This Court believes that some of plaintiff's allegations as to the behavior of the defendants amounts to conduct, which if true, would shock the conscience or be considered as brutal. This Court held in Sheffey v. Greer, 391 F. Supp. 1044 (E.D.Ill.1975) that such conduct amounted to a deprivation of a federal right under 42 U.S.C. § 1983. This Court now holds that such conduct in a federal prison raises a claim of deprivation of a federal right under 28 U.S.C. § 1331 and under the logic of *Bivens, supra,* plaintiff can sue for damages in federal court.

Therefore, in summary, defendants' *Motion to Dismiss with respect to* plaintiff's request for an injunction and for a declaratory judgment are granted; defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is denied.

For the reasons stated herein, defendants' Motion to Dismiss is hereby granted in part and denied in part.

It is so ordered.