James E. LEWIS, Appellant,

v.

**D. C. DEPARTMENT OF CORRECTIONS.**

No. 75–1717.

United States Court of Appeals, · District of Columbia Circuit.

Argued March 4, 1976.

Decided April 8, 1976.

J. Ramsey Johnson,* with whom Warren R. King, Washington, D. C. (appointed by this Court) was on the brief for appellant.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., for the District of Co-

---

* Entered appearance as student counsel pursuant to Rule 20 of the General Rules of this Court.

lumbia, for appellee. C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., entered appearances for appellee.

Before LEVENTHAL, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court which dismissed for lack of jurisdiction three *pro se* petitions, which had been consolidated. All three were captioned as habeas corpus petitions.

■■■ The first pertained to the conditions of confinement in the D.C. Jail. The trial judge was apparently under the impression that petitioner was in confinement solely under an order of the District of Columbia Superior Court, as this had been the finding of the magistrate. The trial judge was in error on this point, for petitioner had been sentenced to the D.C. Jail by an order of the United States District Court, and that court did have habeas corpus jurisdiction. *McCall v. Swain*, 166 U.S. App.D.C. 214, 510 F.2d 167 (1975). However, any reversal as to this petition would have to be accompanied by an order directing that the petition be dismissed as moot, since petitioner has in the interim been transferred to a different facility.

The second pleading, captioned James E. Lewis, petitioner, *pro se* v. four named correctional officials, is styled a petition for habeas corpus, but represents that it is a civil action authorized under 42 U.S.C. § 1983, with jurisdiction grounded on 28 U.S.C. § 1343. The petition also lists a number of other provisions of the Judicial Code, including 28 U.S.C. § 1331. Lewis seeks declaratory relief and punitive damages, alleging that individual defendants abused him, *e. g.*, one guard choked him and slammed his back against the iron frame of the bed.

The third pleading was also mislabelled a petition for habeas corpus relief. Listing as

jurisdictional bases 28 U.S.C. §§ 1331, 1343, 1361, 2201–2202, 2241–2243, it sought damages, and indeed class action recovery, to the extent of $550,000 for measures instituted by the correctional officials after a cellblock takeover, *e. g.*, "deadlock" status, denial of access to prison law library, and denial of medical attention and basic hygienic conditions.

■■■ Taking into account the doctrine that *pro se* pleadings are to be read liberally, the district court erred in holding that it was without jurisdiction. Although there was no cause of action against District of Columbia officials under 42 U.S.C. § 1983, *see District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), Lewis' *pro se* factual allegations and recitation of a jurisdictional basis in 28 U.S.C. § 1331 were sufficient to state a colorable claim for constitutional tort, with jurisdiction in the district court under *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Since the trial judge's sole ground for dismissal was want of jurisdiction, we do not here decide whether the allegations, if proved, establish a claim for relief in damages for assaults by prison guards under the theory of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell v. Hood, supra*, 327 U.S. at 682, 66 S.Ct. at 776, 90 L.Ed. at 943. *See also Cardinale v. Washington Technical Institute*, 163 U.S. App.D.C. 123, 128 n.5, 500 F.2d 791, 796 n.5 (1974).

The allegations, though inartfully pleaded, are "sufficient to call for the opportunity to offer supporting evidence." *Haines v.*

*Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972). We recognize the problem of proliferation of baseless claims, *cf.* Justice Harlan, concurring in *Bivens, supra,* 403 U.S. at 410, 91 S.Ct. at 2011, 29 L.Ed.2d at 634. This might yield to disposition on summary judgment, or the district judge might avail himself of the offices of the magistrate. Student counsel have effectively represented appellant in this court, under the supervision of a professor at Antioch Law School, and may be willing and able to provide continued assistance.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*So ordered.*