**Anthony A. TORRES, Plaintiff,**

v.

**Larry TAYLOR, Warden of the Metropolitan Correctional Center, and Deleno W. Matthews, Unit Manager at the Metropolitan Correctional Center, Defendants.**

**No. 77 CIVIL 1598.**

United States District Court,
S. D. New York.

Sept. 1, 1978.

Anthony A. Torres, pro se.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for defendants; Gary G. Cooper, Asst. U. S. Atty., New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Anthony Torres, formerly a prisoner incarcerated at the Metropolitan Correctional Center ("MCC"), a federal detention facility in New York City, commenced this action against defendants Larry Taylor, the warden of MCC, and Deleno Matthews, a unit manager at the same institution, charging them with violations of his Fifth and Eighth Amendment rights. He seeks compensatory and punitive damages.[1] The complaint, as amended, asserts that this Court has general federal question jurisdiction to grant damages to redress

---

1. The complaint also sought injunctive relief to prevent recurrence of defendants' conduct while plaintiff was incarcerated at MCC. Plaintiff's subsequent release from federal detention moots this claim and leaves only the damages issue for this Court's adjudication.

violations of constitutional rights.[2] Defendants disagree and move to dismiss the complaint for failure to state a claim for which relief can be granted.[3] The legal issue presented by defendants' motion is whether this Court should imply a cause of action for violations of Fifth and Eighth Amendment rights based on the rationale of *Bivens v. Six Unknown Named Agents of The Federal Bureau of Narcotics.*[4]

Plaintiff alleges that on January 6, 1977, during his incarceration at MCC, he was beaten and kicked by defendant Matthews, that his requests for medical attention were ignored by MCC correctional officials, and that defendant Taylor failed to fulfill his duties of supervision over the personnel of MCC. Plaintiff claims that by such conduct the defendants, operating under color of law, violated his Eighth Amendment right to be free of cruel and unusual punishment, and his Fifth Amendment right not to be punished without due process of law. Assuming that the conduct described rises to the level of constitutional deprivation,[5] the Court nonetheless dismisses the complaint because a new cause of action should not be created where the Federal Tort Claims Act[6] already provides an adequate remedy for the constitutional deprivations alleged.[7]

*Bivens* is the only case in which the Supreme Court has implied a private cause of action for damages arising out of violation of constitutional rights by governmental officials. In that case, plaintiff's Fourth Amendment rights were infringed by the illegal search of his home by agents of the Federal Bureau of Narcotics. The injured party had no adequate remedy for damages suffered on account of this unlawful conduct, since the United States Government had not waived its sovereign immunity in cases where its agents committed certain intentional torts.[8] Nor was the "exclusionary rule" a sufficient remedy: because plaintiff was never prosecuted, there was no occasion to suppress illegally obtained evidence. Therefore, acting pursuant to its federal common law powers to effectuate federal rights by creating suitable federal remedies, the Supreme Court implied a cause of action for damages against the agents.[9]

Although *Bivens* on its facts creates a private damage action only for violations of the Fourth Amendment, its rationale has been applied by some lower federal courts to imply causes of action under other constitutional provisions, mainly the First and Fourteenth Amendments.[10] However,

---

**2.** 28 U.S.C. § 1331(a).

**3.** Fed.R.Civ.P. 12(b)(6). Defendants also challenge the Court's subject-matter jurisdiction in this case, but the Court clearly has jurisdiction to decide whether plaintiff's complaint presents a cause of action under the Fifth and Eighth Amendments. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Payne v. Government of Dist. of Columbia,* 182 U.S.App. D.C. 188, 559 F.2d 809 (1977).

**4.** 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**5.** *Compare Patmore v. Carlson,* 392 F.Supp. 737 (E.D.Ill.1975) *with Accardi v. United States,* 356 F.Supp. 218, 222–23 (S.D.N.Y. 1973); *see Estelle v. Gamble,* 429 U.S. 97, 102–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia,* 428 U.S. 153, 169–74, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

**6.** Act of June 25, 1948, ch. 646, 62 Stat. 982, *codified at* 28 U.S.C. §§ 1346(b), 2671 *et seq.*

**7.** The Court does not address the issue of whether a private action can be implied under

the Fifth or Eighth Amendments when the Federal Tort Claims Act, for whatever reason, does not provide a remedy for the alleged deprivations of constitutional rights. *Cf. Mayo v. United States,* 425 F.Supp. 119 (E.D.Ill.1977).

**8.** 28 U.S.C. § 2680(h) (Tort Claims Act not applicable to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights").

**9.** *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 392, 395–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Monaghan, *The Supreme Court, 1974 Term— Foreword: Constitutional Common Law,* 89 Harv.L.Rev. 1 (1975).

**10.** *See, e. g., Turpin v. Mailet,* 579 F.2d 152 (2d Cir. 1978) (en banc) (Fourteenth Amendment); *Dellums v. Powell,* 184 U.S.App.D.C. 275, 302– 303, 566 F.2d 167, 194–95 (1977), *cert. denied,* ––– U.S. –––, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978) (First Amendment); *Jacobson v. Tahoe*

courts have shown considerable reluctance to apply the *Bivens* doctrine in areas where its strict reasoning does not apply;[11] indeed, its logic has almost never been utilized to remedy violations of constitutional rights guaranteed by the Fifth and Eighth Amendments in prison settings.[12]

As the concurring opinion of Mr. Justice Harlan makes clear, a premise of *Bivens'* holding is the fact that "some form of damages is the only possible remedy for someone in Bivens' alleged position."[13] Because this premise is essential to the holding of *Bivens*, federal courts should not imply causes of action under the Constitution where there is already an adequate remedy for constitutional deprivations. Thus one important limitation upon the scope of *Bivens* is "that the existence of an effective and substantial federal statutory remedy for the plaintiffs obviates the need to imply a constitutional remedy."[14] The inquiry in the present case is whether such a statutory remedy exists under the Federal Tort Claims Act to redress plaintiff's asserted injuries.

The Federal Tort Claims Act provides that the United States Government shall be liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[15] Before 1974, the Government was not liable for certain intentional torts, including the assault and battery alleged in plaintiff's complaint here, but in that year Congress amended the Act to provide that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the Act] shall apply to

*Regional Planning Agency*, 558 F.2d 928 (9th Cir.), *vacated on other grounds*, 566 F.2d 1353 (9th Cir. 1977) (Fifth Amendment); *Owen v. City of Independence*, 560 F.2d 925, 932 (8th Cir. 1977), *vacated and remanded*, —— U.S. ——, 98 S.Ct. 3118, 57 L.Ed.2d 1145 (1978) (Fourteenth Amendment; remanded by Supreme Court in light of *Monell v. Department of Social Servs. of City of N.Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Yiamouyiannis v. Chemical Abstracts Serv.*, 521 F.2d 1392, 1393 (6th Cir. 1975) (First Amendment). *See generally* Lehmann, Bivens *and Its Progeny: The Scope of a Constitutional Cause of Action for Torts Committed by Government Officials*, 4 Hastings Const'l L.Q. 531, 567 (1977).

**11.** For example, the Second Circuit has failed to expand *Bivens* beyond the Fourth and Fourteenth Amendments, even though the question has been presented several times. *See New York Pathological & X–Ray Laboratories, Inc. v. INS*, 523 F.2d 79, 82 n. 5 (2d Cir. 1975); *Weise v. Syracuse University*, 522 F.2d 397, 404 (2d Cir. 1975). Other recent circuit court opinions demonstrate a reticence about extensive application of the *Bivens* doctrine. *See Davis v. Passman*, 571 F.2d 793 (5th Cir. 1978) (en banc); *Kostka v. Hogg*, 560 F.2d 37 (1st Cir. 1977).

**12.** Two courts have reported memorandum opinions implying a cause of action under the Eighth Amendment. *See Patmore v. Carlson*, 392 F.Supp. 737 (E.D.Ill.1975); *Walker v.*

*McCune*, 363 F.Supp. 254 (E.D.Va.1973). Other courts have only addressed the question indirectly, *see Green v. Carlson*, 581 F.2d 669 (7th Cir. 1978) (dictum); *Blassingame v. United States Attorney General*, 387 F.Supp. 418 (S.D. N.Y.1975) (complaint dismissed), or have reserved the question, *see Ervin v. Ciccone*, 557 F.2d 1260 (8th Cir. 1977) (per curiam); *Lewis v. D. C. Dep't of Corrections*, 174 U.S.App.D.C. 483, 533 F.2d 710 (1976) (per curiam); *Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975); *Milliken v. United States*, 439 F.Supp. 290, 296 (D.Kan. 1976).

**13.** 403 U.S. at 409–10, 91 S.Ct. at 2011 (Harlan, J., concurring); *see id.* at 397, 91 S.Ct. at 2005 (Court finding "no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents, but must instead be remitted to another remedy, equally effective in the view of Congress").

**14.** *Mahone v. Waddle*, 564 F.2d 1018, 1024–25 (3d Cir. 1977); *see Richardson v. Wiley*, 569 F.2d 140 (D.C.Cir. 1977) (per curiam); *Kostka v. Hogg*, 560 F.2d 37, 42 (1st Cir. 1977); Dellinger, *Of Rights and Remedies: The Constitution as Sword*, 85 Harv.L.Rev. 1532, 1549 (1972) (courts should defer to congressional scheme of remedies where they are effective relief for constitutional infringements).

**15.** 28 U.S.C. § 1346(b).

any claim arising . . . out of assault, battery . . . ."[16] As defined by the 1974 Amendment, an "investigative or law enforcement officer" is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."[17] Both defendants are sworn officers of the United States[18] and are empowered by statute to "make arrests without warrant" for certain violations of federal law[19] and by case law to conduct searches for evidence.[20]

Consequently, the Federal Tort Claims Act affords an avenue of relief for injuries arising out of the assault and battery plaintiff alleges, if plaintiff can prove the facts asserted in his complaint.[21] The Court deems the compensatory damages provided under the Act to be sufficient redress for the injuries alleged in plaintiff's complaint, and there is no need to imply a constitution-al cause of action against the officers.[22] This reasoning is in accord with recent decisions interpreting Title VII of the Civil Rights Act of 1964[23] to be an adequate remedy for Fifth Amendment violations:[24] "a proper regard for the doctrine of implication underlying judicially-created *Bivens* actions" has led at least one court "to conclude that no damage action need be implied where Title VII serves to vindicate the same rights sought to be protected by the damage claim."[25]

The result in this case is further supported by a factor that the Supreme Court has often considered probative in refusing to imply private actions under federal statutes: implication should usually be denied where the private action would bypass an administrative scheme established by Congress to handle claims of violations of federal rights.[26] Under the Federal Tort

16. Pub.L.No.93–253, § 2, 88 Stat. 50 (1974), *codified at* 28 U.S.C. § 2680(h).

17. *Id.* *See generally* Boger, Gitenstein & Verkuil, *The Federal Tort Claims Act Intentional Torts Amendment: An Interpretative Analysis*, 54 N.C.L.Rev. 497, 519–20 (1976) (Tort Claims Act now applies to intentional torts by wardens and other officers of federal prisons).

18. The warden, defendant Taylor, would clearly be a federal "officer," *see* 5 U.S.C. § 2104(a), because he is appointed by and directly responsible to the head of an executive agency, the Attorney General. The Department of Justice, in its brief and again at oral argument, also asserts that it considers defendant Matthews, a prison "correctional officer," to be an "officer" within the meaning of the statute.

19. 18 U.S.C. § 3050.

20. *Hayes v. United States*, 367 F.2d 216, 221 (10th Cir. 1966) (upholding search by federal correctional officers in presence of warden).

21. Plaintiff's claim of negligent medical inattention would also be cognizable under the Tort Claims Act. *See Winston v. United States*, 305 F.2d 253 (2d Cir. 1962) (en banc), *aff'd sub nom. United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *cf. Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (Texas Tort Claims Act available for prisoner alleging medical inattention not rising to constitutional dimensions).

22. The Federal Tort Claims Act does not allow the punitive damages sought in plaintiff's complaint, 28 U.S.C. § 2674, but this is no reason to substitute a *Bivens* remedy against the officers for the statutory remedy against the Government. First, it is not clear that a *Bivens* action in this case would yield punitive damages. Moreover, there is no "right" to punitive damages for violations of constitutional rights. *Hernandez v. Lattimore*, 454 F.Supp. 763 (S.D. N.Y.1978); *Neely v. Blumenthal*, 458 F.Supp. 945 (D.D.C.1978). Indeed, the compensatory damages allowed under the Act are adequate relief, for plaintiff might recover damages for pain and suffering, *see Chester v. United States*, 403 F.Supp. 458 (E.D.Pa.1975), *aff'd mem.*, 546 F.2d 415 (3d Cir. 1976), and mental anguish, *see D'Ambra v. United States*, 354 F.Supp. 810 (D.R.I.), *aff'd*, 481 F.2d 14 (1st Cir. 1973), *cert. denied*, 414 U.S. 1075, 94 S.Ct. 592, 38 L.Ed.2d 482 (1974).

23. Pub.L.No.88–352, §§ 701 *et seq.*, 78 Stat. 253 (1964), *codified at* 42 U.S.C. §§ 2000e *et seq.*

24. *Davis v. Passman*, 571 F.2d 793 (5th Cir. 1978) (en banc); *Richardson v. Wiley*, 569 F.2d 140 (D.C.Cir. 1977); *Neely v. Blumenthal*, 458 F.Supp. 945 (D.D.C.1978).

25. *Neely v. Blumenthal*, 458 F.Supp. 945, 947 (D.D.C.1978); *accord, Hernandez v. Lattimore*, 454 F.Supp. 763 (S.D.N.Y.1978) (Federal Tort Claims Act).

26. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975) (*SIPC*); *National*

Claims Act the applicant for relief must first submit his claim to the appropriate administrative agency (here, the Bureau of Prisons) within two years after his cause of action arises; if the agency fails to grant satisfactory relief within six months, plaintiff may then bring an action in federal court against the Government.[27] Congress intended that this exhaustion of remedies requirement be applied strictly so as "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims."[28] Both purposes would be thwarted by an implied private action. On the one hand, a new *Bivens* action would allow, indeed encourage, litigants to ignore the dispute-resolution mechanism set up by Congress; on the other hand, the creation of dual liability of the Government and its agents would lead to duplicative litigation that could create problems of judicial management.[29]

The rationale of *Bivens* does not justify plaintiff's cause of action under the Fifth and Eighth Amendments. Courts should not create new remedies where they are not

necessary to guarantee federal rights and, particularly, where they would also undermine the carefully considered congressional procedures for raising claims.[30] The complaint is dismissed without prejudice to plaintiff's right to pursue his remedy under the Federal Tort Claims Act.

---

*R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) (*Amtrak*). "The teaching of *Amtrak, SIPC* and *Cort* . . . is that a private cause of action should not be lightly implied under a statute when Congress has not specifically provided one—especially where Congress has provided for other means of enforcement." *Cannon v. University of Chicago,* 559 F.2d 1063, 1074 (7th Cir.), aff'd on rehearing, 559 F.2d 1077 (7th Cir. 1977), cert. granted, —— U.S. ——, 98 S.Ct. 3142, 57 L.Ed.2d 1159 (1978).

Two recent en banc opinions have found *Cort* and related statutory implication cases pertinent in determining whether private actions should be implied under the Constitution. *Turpin v. Mailet,* 579 F.2d 152, 167 (2d Cir. 1978) (en banc) (applying *Cort* principle that "implied remedies must, in nature and scope, be 'consistent' with the legislative enactments already governing in the area"); *Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978) (en banc) (relying on *Cort* factors as basis for denying private action under Fifth Amendment).

**27.** 28 U.S.C. §§ 2401(b), 2675(a).

**28.** S.Rep.No.1327, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 2515, 2516; *see Interboro Mut.*

*Indem. Ins. Co. v. United States,* 431 F.Supp. 1243, 1246 (E.D.N.Y.1977); *Mudlo v. United States,* 423 F.Supp. 1373, 1376 (W.D.Pa.1976).

**29.** *Cf.* Boger, Gitenstein & Verkuil, *supra* note 17, at 535 (suggesting that plaintiffs, where possible, will bring suits against both agents and Government). Courts have found such considerations important in their interpretations of the Federal Tort Claims Act, *see Regan v. Sullivan,* 557 F.2d 300, 303–04 (2d Cir. 1977), and in refusing to imply *Bivens* actions where an administrative enforcement mechanism is available, *see Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978) (en banc); *Neely v. Blumenthal,* 458 F.Supp. 945 (D.D.C.1978).

**30.** *Cf. Morris v. Gressette,* 432 U.S. 491, 97 S.Ct. 2411, 53 L.Ed.2d 506 (1977); Note, *Dunlop v. Bachowski and the Limits of Judicial Review under Title IV of the LMRDA: A Proposal for Administrative Reform,* 86 Yale L.J. 885, 890–900, 918 (1977) (courts should not create new causes of action for judicial review where such review would undermine congressional goals behind administrative enforcement scheme and where new cause of action would add little incremental protection of plaintiffs' rights).