**William C. BUSH, Plaintiff-Appellant,**

**v.**

**William R. LUCAS, Defendant-Appellee.**

**No. 77–1615.**

United States Court of Appeals, Fifth Circuit.

July 12, 1979.

---

Harvey Elrod, Decatur, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Henry I. Frohsin, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this action for damages against the director of a federal space flight center for alleged defamation and an alleged retaliatory demotion in violation of First Amendment protections, the district court granted defendant's motion for summary judgment on the grounds that he was shielded by absolute immunity under *Barr v. Matteo,* 360 U.S. 564, 571, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and that plaintiff had no constitutional cause of action in view of the available administrative remedies under the Civil Service Commission regulations. 5 C.F.R. §§ 752.201–752.402 (1974).

Subsequent to the issuance of the district court's summary judgment, the Supreme Court decided *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1979), involving immunity of federal officials from suit. At the time of oral argument in this case the Supreme Court had also granted a petition for certiorari in our *en banc* decision in *Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978), in which this Court had denied an implied cause of action in a sex-based employment discrimination suit for damages against a member of Congress. We withheld decision of this case pending the Supreme Court's review of *Davis v. Passman.*

The Supreme Court has now reversed the *en banc* decision in *Passman* and, with a detailed opinion, —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 held the plaintiff had a constitutionally implied cause of action for damages for an alleged violation of the equal protection component of the due process clause of the Fifth Amendment. Because *Butz v. Economou* affords the defendant immunity in the defamation part of this claim, and the rationale of *Davis v. Passman* forecloses a cause of action for damages under the circumstances of this case, we affirm the denial of relief by the district court.

Plaintiff, William C. Bush, is an aerospace engineer and for several years had been a civil service employee at Marshall Space Flight Center. In an interview on Huntsville Television Station WHNT, Bush stated that he was not productively employed. The same day, *The Huntsville Times* quoted Bush as having said that his position at the Space Flight Center was "a falsehood, a travesty and worthless." Nearly a month later Bush appeared on another WHNT–TV interview in which he made statements to the effect that he had meaningful work to do only a small percentage of each day. Mr. Bush's various statements were disseminated nationally by the wire services and appeared in newspapers in at least three states other than Alabama.

In commemoration of the Marshall Space Flight Center's fifteenth anniversary, defendant William R. Lucas, the director of the Center, presided at a press conference held several weeks following plaintiff Bush's second televised interview. After what Bush asserted was the conference's conclusion, a WHNT television reporter asked Lucas to respond to Bush's charges that he did not have enough meaningful work to do. Bush claims he was labeled a liar by Lucas' reply that "I have had [Bush's] statement investigated and I can say unequivocally that such a statement has no basis in fact."

**960**

Personnel action was initiated several months after Lucas made the alleged defamatory statement to remove Bush from his position. After a hearing, Lucas, as deciding official, notified Bush of his reduction in grade from GS–14 to GS–12. Bush appealed the adverse action to the United States Civil Service Commission, which sustained the agency's action.

Plaintiff Bush commenced this action in state court, and on motion by defendant Lucas the case was removed to federal court. Plaintiff sought damages from Lucas for the allegedly false statements Lucas made about Bush on June 25, 1975, and for Bush's demotion as a federal government employee, with attendant reduction in salary. Bush alleged that his demotion and Lucas' comments were motivated by Lucas' malicious intent to punish Bush for public comments he had made about his job.

*Defamation Claim*

The district court held that defendant Lucas is protected by absolute official immunity from liability for the defamation claim. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Plaintiff Bush argued if any immunity is available it is qualified by a good faith standard. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1979).

For purposes of deciding the motion the district court assumed as true plaintiff's allegation that Lucas' press statement was false, motivated by malice and that summary judgment for defendant Lucas would be appropriate only if he was protected by absolute immunity.

Viewing *Barr v. Matteo, supra,* as controlling, the district court concluded Lucas was entitled to absolute immunity as to any claim based on his statements to the press. In *Barr* the Supreme Court held that, despite allegations of malice, statements made by a federal executive official within the "outer perimeter" of his line of duty fall within the privilege of absolute immunity against defamation actions.

*Barr* involved a press release by Government officials announcing an intention to suspend the plaintiffs because of the part which they had played in formulating a plan for utilization of certain agency funds. Plaintiffs sued for libel, alleging malice. The Court said it had granted certiorari to decide the precise issue of whether the defendant's "claim of absolute privilege should have stood as a bar to maintenance of the suit despite the allegations of malice made in the complaint." 360 U.S. at 569, 79 S.Ct. at 1338. The Court then held that "[t]he fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint." 360 U.S. at 575, 79 S.Ct. at 1341.

■ We are unable to distinguish the instant case from *Barr.* Lucas' statement to the press fell well within his duties as director of the space center. Although Bush's complaint alleges that Lucas' statement was beyond the "outer perimeter" of his duties, plaintiff offered no evidence to support his conclusion. Defendant's statement to the press came upon an inquiry regarding the Center, its employees, and Bush's employment related statements. Lucas had a responsibility to respond. *Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869, 872–873 (5th Cir. 1978).

Plaintiff argues that *Butz v. Economou, supra,* would give defendant only a qualified immunity if his actions violated plaintiff's constitutional rights. This argument is irrelevant here because Lucas' statements to the press could not have violated plaintiff's claimed First Amendment rights, even if the demotion may have. The district court noted that the mere speech of one person cannot violate the free speech rights of another.

> To the extent plaintiff may be claiming that his (Bush's) First Amendment rights were violated by Lucas' comments at the press conference, the court disagrees. A person's freedom of speech is not abridged by another's speech in reaction thereto, even if assumed to be defamatory.

*Retaliatory Demotion Claim*

■ Bush claims a right under the Constitution for damages resulting from his demotion in retaliation for his public comments about his employment.

The district court had before it and followed as controlling our panel decision in *Davis v. Passman,* 544 F.2d 865 (5th Cir. 1977), which had held Ms. Davis had a right to maintain an action for damages under the Fifth Amendment against a congressman. Although later vacated by the Fifth Circuit *en banc,* the legal analysis in the panel opinion was eventually upheld when the Supreme Court reversed the *en banc* decision. The district court noted that administrative review was available as a means of overturning wrongful demotions or dismissals of civil service employees such as Bush, no such relief being available to the *Passman* plaintiff. Reinstatement was not realistic in that case because plaintiff's former job would disappear with defendant's congressional tenure, which expired the same month of the court's decision. Moreover, the panel of our Court had expressed reluctance to order reinstatement of a representative's personal assistant.

The Supreme Court made the same observation as to the absence of any administrative remedies to Ms. Davis and specifically noted that "were Congress to create equally effective alternative remedies, the need for damages relief might be obviated." *Davis v. Passman, supra* —— U.S. at ——, 99 S.Ct. at 2278. Thus we read *Passman* as not giving an optional remedy in addition to already sufficient remedies for wrongful action of a Government agent, but as an alternative when damage relief is needed.

Under the Civil Service regulations there is a notice and review procedure which permits an employee to challenge adverse personnel actions, including demotions. *See* 5 C.F.R. § 752.201 (employees covered); § 752.202 (notice and reasons for adverse action must be given); § 752.203 (employee's right to appeal to the Commission); §§ 752.104, 731.202 (standards governing adverse actions); § 752.402 (reversal of adverse action may entitle employee to resto-

ration retroactive to date of improper action). The district court had before it the following information footnoted in its opinion:

As already indicated, Bush appealed his demotion and that appeal was heard and the demotion sustained by the Civil Service Commission. Although Bush had the further opportunity to appeal from the Commission to the United States District Court, it does not appear that he did so. The court is not now undertaking any review of the Civil Service Commission's decision, but is simply noting that the demotion, if truly wrongful, was not without redress and plaintiff has had his day in court in another forum to prove the facts he now alleges, while seeking there, admittedly, relief from the government rather than from Lucas personally.

It now appears that plaintiff was administratively restored to his original status from the date of the adverse personnel action several months before the oral argument in this Court. The district court was correct in concluding:

In view of plaintiff's administrative review opportunities and the importance of the government's interests in promoting the efficiency and integrity of its public services through its employees, the Court concludes that Bush's public statements about his duties do not rise to the level of constitutional protection such that he can maintain an action in damages based on his demotion, allegedly contrived as a punishment for those statements.

We thus find that the district court correctly analyzed Bush's constitutional claims under the principles that have now been announced in *Davis v. Passman.*

AFFIRMED.