**CITIZENS SAVINGS, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr. et al., Defendants.**

**Civ. A. No. 79–1835.**

United States District Court, District of Columbia.

Nov. 29, 1979.

Timothy D. Naegele, Washington, D. C., Robert L. Jennings, Patrick M. Flynn, Belleville, Ill., for plaintiff.

A. Patricia Frohman, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff, an unincorporated savings and loan association, brings this action for damages under the Fifth Amendment to the United States Constitution. Alleging violations of its rights to due process and equal protection under the laws, in connection with its unsuccessful efforts to collect payment pursuant to the Federal Insured Student Loan Program,[1] it seeks compensatory and punitive damages in excess of fifteen million dollars. Defendants are various current and former officials of the Department of Health, Education and Welfare ("HEW") who are each sued only in their individual capacities. Defendants' motion to dismiss for failure to state a claim,[2] which has been fully briefed by both sides, must be granted.

■ A private cause of action may be implied for violations of Fifth Amendment rights. See Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The Court's jurisdiction to decide whether a particular complaint presents a Fifth Amendment cause of action cannot seriously be questioned. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Payne v. Government of Dist. of Columbia,

182 U.S.App.D.C. 188, 559 F.2d 809 (D.C.Cir. 1977). Thus the legal issue which this Court must decide is whether or not such a cause of action should be implied given the circumstances of this case.

A brief recitation of the facts as set forth in the complaint is therefore appropriate. In July, 1973, plaintiff purchased a package of 462 individual student loans from two California banks, previously qualified as "eligible lenders" under Title IV of the Higher Education Act of 1965, as amended. See 20 U.S.C. § 1085(g) (1976); 45 C.F.R. § 177.1(h) (1978). The loans, totaling approximately $680,000, had been made to students attending the Institute of Continuing Education ("ICE") in Los Angeles. Subsequent to this 1973 transaction, ICE closed, students defaulted, and defaults continue to this date. Plaintiff sought payment from the Federal Government pursuant to the provisions of the statute. See 20 U.S.C. § 1080(a). Although the Office of Education ("OE"), which administered the student loan program in HEW, paid some claims, it has persistently withheld payment on the vast majority of the defaulted loans. Some $649,000 remains in dispute. Because its claims were rejected or delayed, plaintiff chooses to sue the individual government officials it apparently believes were primarily responsible. Defendants include the former Secretary of Health, Education and Welfare, two former Commissioners of Education, a Deputy Commissioner for Student Financial Assistance, two other high officials in the Bureau of Student Financial Assistance, two attorneys in the Office of General Counsel, and a John Doe.

Alleging that these individual defendants have acted entirely outside their official capacities, plaintiff claims specifically that unconscionable delays in the processing of its claims, with no reasoned explanation offered for the delays or denials until quite

---

1. See generally 20 U.S.C. §§ 1071 et seq. (1976).

2. Defendants also move to dismiss for lack of personal jurisdiction. Some defects on that score apparently have been cured by re-serving individual parties; however, important issues remain unresolved pending the outcome in

Briggs v. Goodwin, 186 U.S.App.D.C. 170, 569 F.2d 1 (D.C.Cir.1977), cert. granted, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1979), and Driver v. Helms, 577 F.2d 147 (1st Cir. 1978), cert. granted, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). The Court expresses no view on these matters.

recently, constitute actions in reckless disregard for plaintiff's rights and a deprivation of property without due process of law. Moreover, as other lenders attempting to collect on defaulted ICE loans allegedly have not been subjected to similar abuse, plaintiff says its right to equal protection under the law also has been violated by the same individuals.

■ An action for money damages under the Fifth Amendment may be implied only in appropriate circumstances. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The Supreme Court was careful to predicate the availability of this remedy on a showing that plaintiff lacked the effective alternative forms of judicial relief and on the absence of special concerns counselling hesitation. *Id.* at 245, 99 S.Ct. at 2277.

■ It should be noted that plaintiff has brought a wholly separate damages action arising out of the identical facts and circumstances against the agency itself. *See Citizens Savings v. Berry,* No. 79–1834 (D.D.C. filed July 13, 1979). This statutory action, currently pending before Judge Robinson, was filed on the same date as the action before this Court. The complaint was brought under 20 U.S.C. § 1082(a)(2); it alleges breach of contract (express and implied), negligence, and arbitrary and capricious agency conduct.

The present suit against individuals does not represent an exclusive judicial avenue to legal relief. No injunction is sought from this Court. Plaintiff has simply launched two parallel damage actions, side-by-side. A statutory right of action, expressly provided by Congress and invoked by plaintiff in Civil Action No. 79–1834, is sufficient to compensate for the wrongful conduct charged here. This finding of sufficiency is particularly acceptable in the instant situation, where plaintiff is a commercial organization, the alleged wrong is solely economic and the responsible governmental agency is already defending in its

official capacity. The decision in *Passman* was not meant to encourage optional constitutional relief in addition to existing, effective and substantial federal statutory remedies. *Bush v. Lucas,* 598 F.2d 958, 961 (5th Cir. 1979). *See also Neely v. Blumenthal,* 458 F.Supp. 945, 957 (D.D.C.1978); *Torres v. Taylor,* 456 F.Supp. 951, 953 (S.D.N.Y.1978).

■ To be sure, plaintiff also seeks punitive damages in the instant action which are not claimed under the statutory proceeding; but the Constitution should not lightly be used for purely vindictive purposes. *See Neely v. Blumenthal, supra* at 957; *Torres v. Taylor, supra* at 954. The facts alleged and accepted here do not rise to the level of egregious conduct; in this respect they differ markedly from the official behavior described as outrageous and shocking to the conscience in *Thornwell v. United States,* 471 F.Supp. 344, 353–55 (D.D.C.1979), on which plaintiff primarily relies. If this complaint, making generalized charges of bureaucratic malice against a bank, is allowed to proceed to discovery, it will be hard to conceive of any limits on the right to pursue punitive relief against individual officials whenever a citizen feels aggrieved by governmental actions. Surely *Passman* was not intended to be read so broadly.

■ In addition to the vague and indefinite quality of the allegations in the complaint, there is an important factor present counselling hesitation. Government service should not imply that an official exercising widely diffused responsibilities must face a private personal suit for damages whenever his decisions are questioned. To permit actions such as this would constitute a substantial deterrent to government service in two respects. It would discourage recruitment. It would place those recruited under constant pressure to avoid action required in the public interest for fear of the energy and expense involved in having to defend a lawsuit.[3] This Court will not presume a constitutional intent to so deprecate public service.

3. In this connection, plaintiff has followed up its complaint with a motion to disqualify the United States Attorney and the Department of

Justice from representing defendants, an issue made moot by this Memorandum and Order.

Finally, the implication of a constitutional cause of action might undermine congressional procedures for raising claims through administrative channels. *See Bean v. Bullock*, No. 77–1447 (D.D.C. May 17, 1979). This is of special interest here, in light of the fact that OE raised the failure to exhaust administrative remedies as an affirmative defense in the statutory action pending before Judge Robinson.

Based on the foregoing, it is both unnecessary and inappropriate to imply a Fifth Amendment cause of action on plaintiff's behalf. Defendants' motion to dismiss is granted, and the complaint is dismissed with prejudice. Defendants' motion for a protective order is dismissed as moot.

SO ORDERED.