UNITED STATES of America, Plaintiff,

v.

Lloyd S. RUBIN a/k/a Stanley L. Rubin, et al., Defendants.

Lloyd S. RUBIN, Counterplaintiff,

v.

UNITED STATES of America, James J. Brown, C. William Lengacher, Robert N. Miller, Jimmye S. Warren and J. Paul McGrath, Counterdefendants.

Civ. A. No. 83–K–1147.

United States District Court,
D. Colorado.

Nov. 10, 1983.

Robert N. Miller, U.S. Atty., Jimmye S. Warren, Asst. U.S. Atty., Denver, Colo., James J. Brown, C. William Lengacher, U.S. Dept. of Justice, Judgment Enforcement Unit, Civil Division, Washington, D.C., for plaintiff.

Robert F. Hanley, Melanie R. Vogl, Morrison & Foerster, Denver, Colo., for Lloyd S. Rubin.

Martin M. Berliner, Larry D. Gallegos, O'Connor & Hannan, Denver, Colo., for Energy Capital Fund, Ltd.

Michael P. Carey, Denver, Colo., for Esther Bell.

Edwin S. Kahn, Kelly Haglund Garnsey & Kahn, Denver, Colo., for Transnational(s) and Univest.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Before me is the government's motion to dismiss Rubin's two counterclaims. The motion raises a question of first impression, *viz:* are United States Attorneys and Department of Justice attorneys "investigative or law enforcement officers" within the meaning of 28 U.S.C. § 2680(h), the Federal Tort Claims Act, such that the United States is liable to Rubin in damages for abuse of process?

The government began this action against Rubin, his sister, Esther Bell, four Colorado corporations, and five offshore Grand Cayman corporations to collect a Small Business Administration loan. Judgment entered on the loan for $439,062.38 on May 11, 1978 in the United States District Court for the Eastern District of Michigan. This case is related to C.A. No. 79–J–25, which was filed on September 20, 1979 to enforce the judgment obtained by the S.B.A. 79–J–25 is pending before Chief Judge Finesilver. For reasons not entirely clear to me, the instant case was not consolidated with 79–J–25.

Rubin's first counterclaim seeks damages against the government for abuse of process. It claims that the government through the U.S. and Department of Justice attorneys

willfully commenced this separate complaint for the ulterior and wrongful purpose of harassing RUBIN with oppressive, vexatious litigation and for the further purpose of intimidating him from exercising his Constitutional right under the Fifth Amendment to remain silent during the on-going post judgment discovery in Civil Action No. 79–J–25.

Rubin's second counterclaim, against the individual attorneys responsible for maintaining the case, has been voluntarily dismissed.

## DISCUSSION

The Federal Tort Claims Act, first passed in 1946, substantially broadened the government's tort liability. See generally, Boger, Gitenstein, and Verkuil, *The Federal Tort Claims Act Intentional Torts Amendment: An Interpretive Analysis,* 54 N.C.L.Rev. 497 (1976). The 1974 amendment permits suit and waives immunity for

[any] claim arising out of ... abuse of process ... *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising ... out of ... abuse of process.... For the purposes of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law.

28 U.S.C. § 2680(h). The precise definition of "investigative or law enforcement officer" has not been much litigated. My review of the cases convinces me that the United States Attorney, his assistants, and the Justice Department attorneys are not

such officers because they are not empowered to execute search warrants, to seize evidence, or to make arrests for violation of federal law.

A variety of federal officers [1] have fallen within the ambit of § 2680(h), including Immigration and Naturalization Service agents,[2] the chief of the United States National Central Bureau,[3] a Department of Treasury agent,[4] a federal warden [5] and a federal prison unit manager.[6] In each of these instances the court was able to point to specific statutory language vesting the officer with search or arrest power. Conversely, in *Solomon v. United States*, 559 F.2d 309, 310 (5th Cir.1977), the court was unable to identify any such language authorizing security employees at a military exchange to make arrests or conduct searches. *Accord, E.E.O.C. v. First National Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir.1980) (agents of the EEOC).[7]

In the instant case, there is nothing in the relevant statutes to suggest that Justice Department Attorneys or U.S. Attorneys are empowered to execute searches, to seize evidence or to make arrests for violations of federal law. See 28 U.S.C. §§ 501–526, 541–550. Rubin finds support in 28 U.S.C. § 509 which vests, with some irrelevant exceptions, all functions of the agencies and employees of the Department of Justice in the Attorney General. Rubin suggests that since the Justice Department, through the F.B.I., is empowered to execute warrants and make arrests, "by derivative argument, Assistant Attorney Generals [sic] have the requisite investigative authority under § 2680(h)." *Brief* at 3. Rubin also relies on 28 U.S.C. § 516 which reserves the conduct of litigation and "securing evidence thereof" to the officers of the Department of Justice when the United States is a party to the lawsuit.

I am not persuaded by either the section 509 argument or the language of section 516. The former is too contrived and the latter not specific enough. It is one thing to execute a search warrant and another to secure evidence for use at time of trial. Limitations, especially those which are otherwise unambiguous, on the sovereign's immunity, must be strictly construed. *See Phillips v. United States*, 346 F.2d 999 (2d Cir.1965); *Commodity Futures Trading Comm'n v. Rosenthal & Co.*, 537 F.Supp. 1094 (N.D.Ill.1982).

Accordingly, I hold that the various lawyers and officers of the government allegedly responsible for the abuse of process are not law enforcement officers within the meaning of the Federal Tort Claims Act. The motion to dismiss Rubin's counterclaims is therefore granted.

---

**1.** *Boger, et al., supra,* suggest that "[w]ell-established constitutional, statutory and case law distinctions between federal 'officers' and federal 'employees' seem invoked by the amendment's definition, although that was apparently not the intent of the drafters." 54 N.C.L.Rev. at 514 (footnotes omitted).

**2.** *Caban v. United States,* 671 F.2d 1230, 1234 n. 4 (2d Cir.1982).

**3.** *Sami v. United States,* 617 F.2d 755, 764 n. 13 (D.C.Cir.1979). [Any pedant will find this case interesting.]

**4.** *Edwards v. Reynaud,* 463 F.Supp. 1235, 1240 (E.D.La.1979).

**5.** *Torres v. Taylor,* 456 F.Supp. 951, 954 (S.D.N.Y.1978).

**6.** *Id.*

**7.** *See also Gray v. Bell,* 712 F.2d 490, 508 (D.C. Cir.1983), where the court dismissed a complaint for malicious prosecution under the FTCA's discretionary function clause without addressing "whether the individual defendants [the Attorney General, the Assistant Attorney General and various Justice Department prosecuting attorneys] are 'investigative or law enforcement officer[s].'" *Id.*