Miyoko SOLOMON, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 77–1703

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 25, 1977.

Sam Gross, San Antonio, Tex., for plaintiff-appellant.

Jamie Boyd, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before COLEMAN, MORGAN and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff brought suit under § 2680(h) of the Federal Tort Claims Act, 28 U.S.C. § 2680(h) (Supp.1976), alleging that security guards employed by a military base exchange had falsely arrested and falsely imprisoned her. On a F.R.C.P. 12(b)(6) motion, the District Court dismissed the suit. The District Court found that the plaintiff's claim was barred by sovereign immunity since under § 2680(h) the United States has waived its sovereign immunity only as to certain intentional, tortuous acts of an investigative or law enforcement officer of the United States and security personnel of an Air Force exchange are not investigative or law enforcement officers within the meaning of § 2680(h). We affirm.

The suit arose out of the following facts. On September 3, 1974, plaintiff was shopping at Lackland Air Force Base Exchange. As plaintiff was leaving the store, she was stopped by two exchange security employees who apparently believed she had been shoplifting. Plaintiff returned with them to the store office. When the contents of plaintiff's purse were examined, no shoplifted items were found.

The sole question for this Court's consideration is whether the United States has waived its sovereign immunity defense to plaintiff's complaint. Prior to March 16, 1974, sovereign immunity was a complete bar to actions based on false arrest and false imprisonment. In 1974, the federal government, through the amending of § 2680, submitted itself to liability where certain of its agents committed certain intentional torts. Section 2680 was amended as follows:

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

The issue then becomes one of statutory construction, specifically whether security personnel of the Air Force exchange are "investigative or law enforcement officers" within the meaning of § 2680(h) as amended.

In interpreting statutes, a court's function "is to construe the language so as to give effect to the intent of Congress". *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1939). The wording of the statute and the legislative history evidence congressional intent. *See* C. Sands, Sutherland's Statutory Construction § 45.13 (4th ed. 1973). A review of the legislative history reveals that Congress, in response to "no-knock" raids conducted by federal narcotic agents on the wrong dwellings, passed the 1974 amendment to the Federal Tort Claims Act to provide compensation for such victims. S.Rep.No. 588, 93rd Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 2789, 2790–91. Congress intended to waive sovereign immunity for the torts of false arrest and false imprisonment only in limited circumstances. The federal government deprived itself "of the defense of sovereign immunity in cases in which

Federal law enforcement agents [or investigative officers], acting within the scope of their employment, or under color of Federal law, commit [committed] . . . false imprisonment, false arrest . . . ." *Id.* at 2791. "Investigative or law enforcement officer" is statutorily defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law". 28 U.S.C. § 2680(h) (Supp. 1976). Therefore, security employees of a military exchange would be "investigative or law enforcement officers" within the meaning of § 2680(h) only if the security personnel were (1) empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law or (2) acting within the scope of their employment in conducting searches, seizures, and arrests for violation of federal laws. The security employees are not so empowered by law. Nor would such actions be within the scope of their employment.

In view of the statute's language and legislative history, we conclude that security employees of a military exchange are not investigative or law enforcement officers within the meaning of § 2680(h). We hold that the plaintiff's claim is completely barred by sovereign immunity.

AFFIRMED.