Marvin E. ARONSON, M.D.

v.

UNITED STATES of America.

Marvin E. ARONSON, M.D.

v.

Griffin B. BELL, et al.

Civ. A. Nos. 82–2876, 82–4329.

United States District Court,
E.D. Pennsylvania.

Aug. 21, 1984.

Bruce, Thall, M. Richard Komins, Sprague, Levinson & Thall, Philadelphia, Pa., for plaintiff.

Alexander Ewing, Jr., Asst. U.S. Atty., Philadelphia, Pa., and Gordon W. Daiger, Timothy P. Garren, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

KATZ, District Judge.

Dr. Marvin Aronson has sued the United States and six government lawyers for naming him as a defendant in the case of *U.S. v. City of Philadelphia,* and for statements made to the press in connection with that suit. The *City of Philadelphia* litigation sought broad declaratory and equitable relief against an allegedly pervasive pattern of police abuse denying federal constitutional rights to Philadelphia citizens, particularly minorities. The suit named Dr. Aronson, the City Medical Examiner, among other defendants. The Court dismissed the complaint for lack of standing except to the extent the suit attacked discrimination on the basis of race, color or national origin in administering federally funded programs. 482 F.Supp. 1248 (E.D.Pa. October 30, 1979). The Court then dismissed the remainder of the complaint for failure to plead with sufficient specificity. 482 F.Supp. 1274 (E.D.Pa. December 13, 1979). These rulings were affirmed. 644 F.2d 187 (3d Cir. 1980), *reh. en banc denied,* 644 F.2d 206 (3d Cir.1981). Dr. Aronson now claims malicious prosecution and abuse of process against all defendants; invasion of privacy, negligent investigation and intentional infliction of emotional distress against the United States; and deprivation of due process against the individual defendants.[1]

Defendants initially moved to dismiss these cases. These motions were dismissed without prejudice on October 11, 1983, and the parties were granted leave to conduct discovery on the issues raised. Defendants' renewed motions are now before the Court.

### I. *Aronson v. U.S.*

■ Plaintiff's suit against the United States is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"). His claims of malicious prosecution and abuse of process are barred by the discretionary function and intentional torts exceptions to the FTCA's waiver of sovereign immunity.

---

1. Plaintiff's claims against the individual defendants for negligent invstigation and intentional infliction of emotional distress were stipulated to be barred by the statute of limitations. Stipulated Order of November 3, 1983.

The discretionary function exception preserves sovereign immunity for "any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." The decision to file the *City of Philadelphia* suit involved policy judgments of the kind Congress intended to shield from tort liability.[2] *U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, — U.S. —, —, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984); *Dahelite v. U.S.*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Griffin v. U.S.*, 500 F.2d 1059, 1064 (3d Cir.1974).

Congress has granted broad powers to the Justice Department to conduct litigation.[3] This legislative grant includes discretion as to naming Dr. Aronson a defendant in this civil suit. In *Gray v. Bell*, 712 F.2d 490, 513 (D.C.Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984), a suit for malicious prosecution based on an indictment on criminal charges was dismissed under the discretionary function exception on the following basis:

> It is plain that Gray's FTCA claim was properly dismissed as it incorporates the malicious prosecution claim and thus challenges the actual decision to institute prosecution against him. Prosecutorial decisions as to whether, when and against whom to initiate prosecution are

quintessential examples of government discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception.

There is no distinction in principle between the discretion involved in making the decision to bring the civil suit against plaintiff here and the discretion involved in making the decision to indict in *Gray*. *See Smith v. U.S.*, 375 F.2d 243, 246–47 (5th Cir.), *cert. denied*, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967).

■ The intentional torts exception to the waiver of sovereign immunity in the FTCA[4] also bars plaintiff's malicious prosecution and abuse of process claims. The government attorneys are not empowered to ·execute searches, seize evidence and make arrests within the meaning of the provision allowing suits for designated intentional torts against such agents. *U.S. v. Rubin*, 573 F.Supp. 1123, 1124–25 (D.Col. 1983).

■ Plaintiff's claims against the United States based on conduct before August 25, 1979 are also barred by the two-year statute of limitations, 28 U.S.C. § 2401(b). Dr. Aronson filed his administrative claim on August 25, 1981. Claims for negligent investigation, invasion of privacy and intentional infliction of emotional distress based on events occurring before August 25,

---

2. In view of this holding, the matter of document production is moot because the documents bear only on the exercise of discretion in starting the *City of Philadelphia* suit as to the issue of the government's standing to sue, based on the Court's examination of the papers.

3. The Attorney General or Justice Department attorneys "may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal ... which United States attorneys are authorized by law to conduct ...." 28 U.S.C. § 515(a) (1966). In addition, "[e]xcept as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516 (1966).

4. The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising ... out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For purposes of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law. 28 U.S.C. § 2680(h) (1974).

1979, including press statements before that date, are barred. *U.S. v. Kubrick*, 444 U.S. 111, 121, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979); *Diminnie v. U.S.*, 728 F.2d 301 (6th Cir.1984) *(per curiam)*. The *City of Philadelphia* lawsuit of which plaintiff complains was filed on August 13, 1979. Since plaintiff's contention at the oral argument of these motions was that the only press statements on which he relied were on August 13, 1979 and August 14, 1979, the statute of limitations bars claims based on the press statements. *See* Exhibits B (pp. 21–24) and C attached to Renewed Motion to Dismiss or In the Alternative for Summary Judgment.

## II. *Aronson v. Bell, et al.*

 The individual defendants are immune from liability for the claims based on the filing of the *City of Philadelphia* suit. The doctrine of official immunity protects the government lawers' decision to institute that suit. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Gray v. Bell, supra,* 714 F.2d at 497–505; *Butz v. Economou*, 438 U.S. 478, 511–512, 98 S.Ct. 2894, 2913–2914, 57 L.Ed.2d 895 (1978); *Bulloch v. Pearson,* No. C–82-0230 W (D. Utah June 21, 1983). Defendants' conduct in filing suit was a discretionary act within the perimeter of their authority. *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1954); 28 U.S.C. §§ 515(a), 516. The decision to sue Dr. Aronson as a necessary party, in his official capacity, was also an act not violating clearly established constitutional rights of which defendants should have known. Deposition of Louis Thrasher, pp. 13–19; *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Plaintiff's malicious prosecution and abuse of process claims are barred in their entirety. His deprivation of due process claims are also dismissed to the extent that they rest on defendant's filing of the *City of Philadelphia* suit.

Plaintiff's claim for deprivation of liberty without due process is barred by the applicable statute of limitations. *Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984). Plaintiff's liberty claim alleges the publication of false, stigmatizing reports which caused him to lose prospective consulting fees. The state torts of defamation and invasion of privacy are the most closely identified to this claim. These torts are governed by a one-year statute of limitations. 42 Pa. Const.Stat.Ann. § 5523(1). All the reports of which plaintiff complains are beyond the one year period.

Plaintiff's due process claims also fail because he has not shown any facts amounting to a deprivation of a protected liberty or property interest from the filing of the *City of Philadelphia* suit or the two press statements identified at the oral argument as the basis for his claims. Neither the lawsuit nor the two press statements, based on allegations of the *City of Philadelphia* complaint, invade constitutionally protected interests. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Green v. DeCamp,* 612 F.2d 368, 369–70 (8th Cir.1980); *Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir.1980); *Williams v. West Jordan City,* 714 F.2d 1017 (10th Cir.1983); *Durham v. Jones,* 698 F.2d 1179 (11th Cir.1983) *(per curiam)*.