**Roy S. BYRD and Sylvia A. Byrd, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–400–CIV–ORL–18.**

United States District Court, M.D. Florida, Orlando Division.

Aug. 31, 1987.

Ellis S. Rubin, Miami, Fla., for plaintiffs.

Robert W. Merkle, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for defendant.

**ORDER**

GEORGE KENDALL SHARP, District Judge.

This case is before the court upon Plaintiffs' motion for clarification (Doc. No. 6) and Plaintiffs' memorandum in opposition

to Defendant's motion to dismiss (Doc. No. 5). In their complaint, Plaintiffs, an United States Air Force Captain and his wife, seek damages under the Federal Tort Claims Act, (FTCA). 28 U.S.C. § 1346(b), §§ 2671–2680. Plaintiffs allege that the Air Force invaded their privacy and defamed Captain Byrd in connection with an investigation which stemmed from Plaintiffs' damages claim filed after Plaintiffs' personal goods were damaged, lost or destroyed while being transported by agents of the government. Defendant moved to dismiss for lack of subject matter jurisdiction, contending that Plaintiffs' claims were barred by the *Feres* doctrine and by the discretionary function exception to the FTCA. § 2680(a). Defendant's motion to dismiss was granted without opinion.

The Byrds allege that their claim for damages to their personal belongings was referred to the Air Force Office of Special Investigations for investigation as to possible fraud charges. They claim that agents of the government and the Air Force perpetrated a systematic pattern of defamation and invasion of their privacy. In the only specific instance enumerated in the complaint, Plaintiffs charge that "[t]hese unknown agents called former co-workers of Captain Byrd in Texas and inquired as to his financial standing and implied that he and his wife were attempting to defraud the government."

■ The United States "is immune from suit save as it consents to be sued, ... and the terms of its consent to be sued define [the] court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Although the United States waived sovereign immunity for most instances of tortious conduct in the FTCA, this waiver is limited by several statutory and judicial exceptions. For example, § 2680 specifies several exceptions to the FTCA, including exceptions for discretionary functions and intentional torts. § 2680(a), (h). The intentional torts exception provides that the FTCA does not apply to "[a]ny claim arising out of libel [or] slander...." § 2680(h). The Eleventh Circuit, in con-

trast to some other circuits, construes the "arising out of" language broadly:

> The meaning which we derive from the ... Supreme Court cases is that a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to "arise out of" an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is "essential" to plaintiff's claim. (citation omitted).

*Metz v. United States,* 788 F.2d 1528, 1534 (11th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 400, 93 L.Ed.2d 353 (1986). Thus, not only is Plaintiffs' defamation claim barred by § 2680(h), but also the invasion of privacy count since it is founded on allegedly defamatory statements.

■ Moreover, even if Plaintiffs' claims were not barred by the § 2680(h) exception to the FTCA waiver of sovereign immunity, the complaint would be precluded under the *Feres* doctrine. In *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. In its last term, the Supreme Court reaffirmed the *Feres* doctrine, discussing the rationales for the *Feres* decision and clarifying the scope of the doctrine. *United States v. Johnson,* —— U.S. ——, 107 S.Ct. 2063, 2068–69, 95 L.Ed.2d 648 (1987); *United States v. Stanley,* —— U.S. ——, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987).

Plaintiffs do not dispute that Plaintiffs' injury was "incident to service." Instead, Plaintiffs focus on the intentional nature of the torts alleged, claiming that "the Ferre [sic] Doctrine should not apply in cases of invasion of privacy, and other intentional torts and therefore, this court has subject matter jurisdiction over this cause." Plaintiffs' Memorandum at 2. However, numerous courts have recognized that the *Feres* doctrine has been extended to shield the United States from liability based upon intentional or reckless torts. *See, e.g., Stan-*

ley v. Central Intelligence Agency, 639 F.2d 1146, 1152–53 (5th Cir. Unit B 1981); Lewis v. United States, 663 F.2d 889, 891–92 (9th Cir.1981), cert. denied, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); Broudy v. United States, 661 F.2d 125, 127 n. 4 (9th Cir.1981). In a particularly relevant case, the Ninth Circuit held that FTCA claims based on allegations of intentional misuse of General Court-Martial proceedings and concomitant emotional injury and harm to reputation were barred under the Feres doctrine. Davis v. United States, 667 F.2d 822, 825–26 (9th Cir.1982). Finally, in Stanley, 107 S.Ct. at 3063, the Supreme Court held that the Feres doctrine applied in actions against individuals for constitutional torts under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and that "no Bivens remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'" See also Bois v. Marsh, 801 F.2d 462, 470–471 (D.C.Cir. 1986). (Feres doctrine bars intentional tort claims against military superior, including claim for intentional infliction of emotional distress). Therefore, there is ample authority to refute Plaintiffs' contention that the Feres doctrine should not be applied to intentional torts. Thus, even if Plaintiffs' claims were not excluded by § 2680(h) from the FTCA waiver of sovereign immunity, they would be barred by the Feres doctrine.

Accordingly, Plaintiffs' motion for clarification is GRANTED. However, the court remains convinced that its original decision was correct. Defendant's motion to dismiss with prejudice is GRANTED.