**Lawrence WILSON, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 87 Civ. 9215 (JES).**

United States District Court, S.D. New York.

July 15, 1991.

Lawrence Wilson, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Sarah Thomas–Gonzalez, Asst. U.S. Atty., of counsel), for defendant.

---

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff brings this action pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2680 et seq. (1988). Plaintiff was sentenced to serve an aggregate of nine years for interstate transportation of stolen money and use of the mails in a scheme to defraud. He was paroled on May 5, 1982 and placed in a parole category requiring a high level of supervision.

On January 22, 1986, plaintiff was arrested for parole violations. A hearing was held and it was determined that plaintiff had violated his parole. That decision was successfully challenged in the United States District Court for the Northern District of Texas because the Court found that plaintiff had been deprived of a neutral and detached hearing. At a subsequent hearing, however, plaintiff was again found guilty of violating his parole.

Plaintiff now claims that the United States Parole Commission (the "Commission") improperly revoked his parole and that certain actions taken by parole officers caused him undue stress which led him to close his business several months before he was reincarcerated. See Deposition of Lawrence Wilson at 8. Defendant moves to dismiss the second amended complaint, or in the alternative, for summary judgment. The Court has considered the evidentiary materials submitted by the defendant and has given plaintiff notice of its intent to treat the motion as one for summary judgment and an opportunity to submit evidentiary materials. For the reasons that follow and for the reasons given on the record at Oral Argument, the defendant's motion for summary judgment is granted.

## DISCUSSION

■ The FTCA represents a limited waiver of sovereign immunity by the Unit-

ed States for certain "claims ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government." 28 U.S.C. § 1346(b) (1988). The FTCA also sets out certain categories of claims that are excepted from the purview of the Act. See Lambertson v. United States, 528 F.2d 441, 444 (2d Cir.), cert. denied, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). One of these, the discretionary function exception, bars any claims against the United States based upon the performance of a discretionary function or duty on the part of a federal employee or agency, even if that discretion is abused. 28 U.S.C. § 2680(a) (1988). See United States v. Varig Airlines, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

■ Defendant asserts that plaintiff's claims to the extent that they are based on the Commission's decision to revoke his parole fall squarely within the discretionary function exception. The Court agrees. The Commission's decisions concerning parole clearly constitute an exercise of its discretionary authority. See 18 U.S.C. § 4214(d) (1988). See United States v. Addonizio, 442 U.S. 178, 188, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979); Taitt v. United States, 770 F.2d 890, 894 (10th Cir.1985). Since "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," Varig, 467 U.S. at 814, 104 S.Ct. at 2765, plaintiff's claims arising out of the decision to revoke parole cannot be brought under the FTCA.

■ Plaintiff's claims for false imprisonment and malicious prosecution do not fall within the discretionary function exception of the FTCA. However, these claims are barred by the intentional tort exception of the FTCA which excludes claims arising out of, inter alia, assault, battery, false arrest and malicious prosecution,[1] so long

---

**1.** Section 2680(h) of the FTCA excepts from the waiver of liability:

any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrep-

resentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter

as these torts are not committed by a law enforcement officer of the United States Government. 28 U.S.C. § 2680(h) (1988).

Section 2680(h) defines a law enforcement officer as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law." Parole officers are not authorized by statute or regulation to execute searches, to seize evidence, or to make arrests. *See* Declaration of Michael Stover ("Stover Decl.") at ¶ 3 (General Counsel of the United States Parole Commission). When supervising a parolee, if the officer has probable cause to believe that the parolee has violated the conditions of his release, the officer cannot arrest the parolee but rather must recommend to the Parole Commission that a warrant be issued. *Id.* See 18 U.S.C. § 4213 (1988) [2]; 28 C.F.R. § 2.46. Indeed, the only time a parole officer can seize contraband from a parolee is if the contraband is observed in plain view during the course of the officer's normal contacts with the parolee and the parolee gives his consent to the seizure. 28 C.F.R. § 2.40(a)(12); Parole Commission Procedures Manual at 113, ¶ 2.40–14(a), (b); Stover Decl. at ¶ 4. This limited authority to seize evidence is not sufficient to bring parole officers within the definition of "law enforcement officers" under the FTCA. *See e.g., E.E.O.C. v. First Nat. Bank of Jackson,* 614 F.2d 1004, 1008 (5th Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981) (E.E.O.C. agents' authority to have access to evidence does not give rise to

liability); *Solomon v. United States,* 559 F.2d 309, 310 (5th Cir.1977) (military exchange security guards are not law enforcement officers); *Aronson v. United States,* 595 F.Supp. 178, 180 (D.Pa.), *aff'd,* 774 F.2d 1150 (3d Cir.1984) (government attorneys are not law enforcement officers); *Art Metal–U.S.A. v. United States,* 577 F.Supp. 182, 184 (D.D.C.1983), *aff'd,* 753 F.2d 1151 (1985) (inspector general is not law enforcement officer even though he caused subpoenas to issue).

Plaintiff contends that since the same individual can act as both a probation officer and a parole officer, *see* 18 U.S.C. §§ 3606, 3653,[3] that parole officers must also fall within the meaning of "law enforcement officers," merely because probation officers are concededly law enforcement officers under the FTCA. However, the statutes regulating probation and parole officers demonstrate an intent by Congress to treat these two functions distinctly.[4] *Compare* 18 U.S.C. § 3601–56 with 18 U.S.C. § 4201–18. Release on probation involves a different agency, different statutes and different regulations than release on parole. *Id.*

Nor can there be any question as to the validity of the regulations which confer or withhold enforcement powers on an individual serving in both capacities, depending upon the capacity in which he is acting. Those regulations constitute a "permissible construction" of the statutes establishing the Parole Commission and are therefore "sufficiently reasonable" to require judicial deference to agency interpretation. *Detsel*

---

and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law. 28 U.S.C. § 2680(h) (1988).

**2.** This section was repealed on October 12, 1984 by 98 Stat. 2027 effective November 1, 1987, but remains applicable for ten years to individuals who committed offenses prior to November 1, 1987, and is therefore applicable to the instant action.

**3.** This section was repealed on October 12, 1984 by 98 Stat.1987, but is still applicable to the instant offense because the effective date of the repeal was November 1, 1986.

**4.** For example, if a probation officer has probable cause to believe that a probationer has violated a condition of his probation, the probation officer may arrest the probationer, even without a warrant. 18 U.S.C. § 3606 (1988). In contrast, if a parole officer has probable cause to believe that a parolee has violated a condition of his parole, the parole officer may not arrest the parolee but instead must recommend to the Parole Commission that a warrant be issued. *See* 18 U.S.C. § 4213 (1988); Stover Decl. at ¶ 3.

**554**

*v. Sullivan,* 895 F.2d 58, 62 (2d Cir.1990) (citing *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984)). It follows that since parole officers are not "law enforcement officers" within the meaning of the FTCA, plaintiff's claims must be dismissed.

CONCLUSION

Accordingly, defendant's motion for summary judgment is granted.

It is SO ORDERED.