968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rosamarica B. HOBDY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-3204.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Rosamarica B. Hobdy appeals from a judgment dismissing her complaint against defendant United States of America brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 to 2680. Plaintiff challenges the dismissal of two of her claims. We affirm.
 
 
 2
 Plaintiff was employed by Tero Tek International, Inc., as a certified oil analyst. Tero Tek had a contract with the United States Army to run the Oil Analysis Lab at Fort Riley, Kansas. Following receipt of a report that Tero Tek employees were generating false reports, the Inspector General's Office requested that the Criminal Investigation Division (CID) investigate Tero Tek. Arnold Foxx, an investigator, obtained a sworn statement from Duane Stagner implicating plaintiff in the falsification of data. The CID issued a report to the Directorate of Contracting (DOC), alleging that plaintiff falsified data. As a result, DOC requested that plaintiff be removed from Tero Tek's work force. Plaintiff was later decertified as an oil analyst.
 
 
 3
 Plaintiff commenced this action against several defendants, but amended her complaint to name only the United States as a defendant. She ultimately alleged four claims, two of which (invasion of privacy and negligence) are relevant to this appeal. Without setting forth the complaint verbatim we paraphrase the two claims: 1. Employees and departments of the United States trespassed, invaded, and violated plaintiff's privacy by improperly using the CID investigative report (invasion of privacy claim); 2. The investigators failed to adequately and properly investigate the Inspector General's request for an investigation, failed to conduct a thorough and reasonable investigation, and negligently forwarded an erroneous and improper report to other agencies and branches of government (negligence claim).
 
 
 4
 Defendant moved to dismiss or alternatively for summary judgment. The court concluded that the invasion of privacy claim was barred by § 2680(a) because it involved a discretionary function, and by § 2680(h) because it arose out of a claim for defamation or slander. Further, the court held that the negligence claim was barred because it was, in essence, a claim for tortious interference with contract, tortious interference with prospective economic advantage, defamation, or slander, all of which are excepted from the FTCA by § 2680(h). Alternatively, the court concluded that if the claim was for negligent investigation, it was barred because plaintiff failed to allege a legal duty owed to her concerning the manner in which the investigation was conducted. The court dismissed both claims for lack of subject matter jurisdiction. We review de novo the district court's determination that it lacks subject matter jurisdiction under the FTCA. Weiss v. United States, 889 F.2d 937, 938 (10th Cir.1989).
 
 
 5
 The FTCA provides a limited waiver of the sovereign immunity of the United States, subject to certain exceptions, two of which are relevant here. Section 2680(a), the "discretionary function exception," excepts "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Section 2680(h) excepts claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. The law enforcement officer proviso of § 2680(h) provides, however, that with regard to acts or omissions of investigative or law enforcement officers of the United States, the FTCA does apply to claims arising out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.
 
 
 6
 Plaintiff first argues that the district court erred in concluding that the discretionary function exception bars her invasion of privacy claim. Specifically, plaintiff contends that the district court erred in concluding that Arnold Foxx was an investigative or law enforcement officer under the FTCA.[1] Foxx's status is critical, she claims, because of the interplay between §§ 2680(a) and (h). Plaintiff appears to believe that the discretionary function exception only applies to actions of investigative or law enforcement officers. We disagree.
 
 
 7
 Whether Foxx was an investigative or law enforcement officer is irrelevant because the invasion of privacy claim did not arise out of an assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution claim. In contrast, the cases cited by plaintiff involved claims that are among those enumerated in the law enforcement officer proviso of § 2680(h). Solomon v. United States, 559 F.2d 309, 309-10 (5th Cir.1977) (false arrest and false imprisonment); Art Metal-U.S.A., Inc. v. United States, 577 F.Supp. 182, 184 (D.D.C.1983) (abuse of process), aff'd, 753 F.2d 1151 (D.C.Cir.1985). Thus, the status of the alleged wrongdoer in these cases was relevant.
 
 
 8
 Because the law enforcement officer proviso is inapplicable, "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 813 (1984).
 
 
 9
 Deciding how to investigate, who to investigate, and how to present evidence to the proper authorities are classic examples of immunized prosecutorial conduct ... [s]uch conduct is exclusively within the province of the executive branch making it exactly the type of conduct the discretionary function exception was intended to protect from judicial branch interference.
 
 
 10
 Bradley v. United States, 615 F.Supp. 206, 209 (E.D.Pa.1985), aff'd sub nom. Pooler v. United States, 787 F.2d 868 (3d Cir.), cert. denied, 479 U.S. 849 (1986). Thus, to the extent the invasion of privacy claim attacks the manner in which the investigation was conducted, the district court properly concluded the claim is barred by the discretionary function exception.
 
 
 11
 Insofar as the negligence claim alleges that the investigation was negligently performed, it, too, is barred by the discretionary function exception.[2] That the conduct was allegedly negligent is irrelevant because the discretionary function exception applies even when the discretionary acts were negligent. Barnson v. United States, 816 F.2d 549, 553 (10th Cir.), cert. denied, 484 U.S. 896 (1987).
 
 
 12
 Plaintiff contends that the discretionary function exception does not apply because actions of agents of the United States with respect to contract compliance are governed by federal regulations. While the discretionary function exception does not apply "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," Berkovitz v. United States, 486 U.S. 531, 536 (1988), plaintiff failed to set forth the governing regulations. We will not manufacture her argument for her. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513-14 (10th Cir.1990).
 
 
 13
 Insofar as the invasion of privacy and negligence claims allege that agents of the United States forwarded erroneous information to other agencies and branches of government, causing harm to plaintiff, the claims are barred by § 2680(h) if they arise out of libel and slander. Libel and slander are the equivalent of defamation. Jimenez-Nieves v. United States, 682 F.2d 1, 6 (1st Cir.1982).
 
 
 14
 An action for defamation involves a false and defamatory communication about another, an unprivileged publication to a third party, fault amounting to at least negligence, and harm. Id. Claims of injury to reputation caused by communication of defamatory statements to another "resound in the heartland of the tort of defamation." Id.
 
 
 15
 Plaintiff argues that her claims were not for defamation because they arose out of actions of agents of the United States, rather than statements. The requirement that an idea be communicated for purposes of a defamation claim is broadly interpreted to include bringing an idea to another's attention even through nonverbal conduct. Id. The substance of plaintiff's negligence and invasion of privacy claims is that agents of the United States brought the allegedly false CID report to the attention of other agencies and branches of government. She has alleged the communication of an idea.
 
 
 16
 Finally, relying on Rinsley v. Brandt, 700 F.2d 1304, 1307 (10th Cir.1983), plaintiff argues that her invasion of privacy claim differs from a defamation claim in that the asserted injury was to her interest in being alone rather than to her reputation. However, an invasion of privacy claim founded on allegedly defamatory statements is barred by § 2680(h). Byrd v. United States, 668 F.Supp. 1529, 1530 (M.D.Fla.1987); see also Bosco v. United States Army Corps of Eng'rs, 611 F.Supp. 449, 452-53 (N.D.Tex.1985). Plaintiff's invasion of privacy claim is founded on allegedly defamatory statements contained in the CID report and, as such, is barred.
 
 
 17
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Contrary to plaintiff's assertion, the district court did not find that Foxx was an investigative or law enforcement officer under § 2680(h)
 
 
 [2]
 We may affirm on grounds not relied on by the district court if it reached the correct result. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988)